ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MILLIAM A. CENTENO SOTO, por sí en representación de sus hijos menores de edad SEBASTIÁN N. MERCADO CENTENO Y CAMILA I. MERCADO CENTENO<br><br>Recurridos<br><br>v.<br><br>MINERVA IBARRONDO AQUINO Y JOEL T. ALEMÁN IBARRONDO, ambos por sí y como parte de la SUCESIÓN DE HEREDEROS DE TOMÁS A. ALEMÁN CARDONA; SUTANA DE TAL, por sí y como parte de la SOCIEDAD LEGAL DE BIENES GANANCIALES que compone con JOEL T. ALEMÁN IBARRONDO; UNIVERSAL INSURANCE COMPANY; DUEÑO I; ASEGURADORA A; DUEÑO II Y ASEGURADORA B<br><br>Recurridos<br><br>PROCURADORA DE ASUNTOS DE FAMILIA<br><br>Peticionaria | TA2026CE00361 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: SS2024CV00457<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Compareció la Procuradora de Asuntos de Familia (en adelante, "Procuradora" o "peticionaria") mediante el recurso de *Certiorari* de epígrafe presentado el 24 de marzo de 2026. Nos solicitó la revocación de la *Resolución* emitida 12 de febrero de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, "foro de instancia"). En el

aludido dictamen, el foro de instancia concluyó que el desistimiento de las reclamaciones de los menores de edad no requería autorización judicial.

Por los fundamentos expuestos a continuación, se **expide** el auto de *Certiorari* y se **revoca** la *Resolución* recurrida. En consecuencia, se **devuelve** el caso al foro de instancia para que se celebre la correspondiente vista de autorización judicial.

**-I-**

El 19 de junio de 2024, la Sra. Milliam A. Centeno Soto (en adelante, "señora Centeno Soto") por sí y en representación de sus dos hijos menores de edad —SNMC y CIMC— instó *Demanda*[1] sobre daños y perjuicios contra el Sr. Tomás A. Alemán Cardona, el Sr. Joel Alemán Ibarrondo y Universal Insurance Company (en conjunto, "demandados" o "recurridos"). Alegó que sufrió daños al ser impactada por un vehículo de motor propiedad del señor Alemán Cardona y conducido por el señor alemán Ibarrondo, por lo cual solicitó la suma de $380,000.00. Además, solicitó la suma de $50,000.00 por las angustias y sufrimientos mentales de sus hijos, SNMC y CIMC.

Tras varios trámites procesales, el 2 de octubre de 2025, ambas partes en conjunto presentaron *Estipulación de sentencia por transacción sujeta a autorización judicial.*[2] Informaron que han acordado transigir el presente caso mediante una estipulación, conforme a la cual los demandados indemnizarán a la señora Centeno Soto con la suma global de $100,000.00, sujeto dicho acuerdo a la correspondiente autorización judicial y pagada exclusivamente por Universal Insurance Company. Además, acordaron que, de entender el foro de instancia que los menores de edad deben ser compensados, se descontará de la suma global

---

[1] SUMAC-TPI, entrada núm. 1.
[2] *Id.*, entrada núm. 33.

estipulada la cantidad que el tribunal estime necesaria para dichos fines.

Luego, el 14 de octubre de 2025, la señora Centeno Soto presentó *Petición de vista de autorización judicial*,[3] mediante la cual informó lo siguiente: (1) la póliza de seguros tiene un límite de cobertura de $100,000.00 por tratarse de una sola persona lesionada en el accidente vehicular, por lo que cualquier responsabilidad adicional recae sobre el patrimonio personal de los demandados; (2) el conductor que provocó el accidente se encontraba recluido en prisión; y (3) la madre de este carece de capacidad económica para responder por los daños reclamados. Por lo cual, solicitó el desistimiento con perjuicio de la reclamación presentada en representación de sus hijos menores de edad, sin compensación alguna a favor de esos, y que la indemnización se concediera únicamente a su favor, ya que esta debe otorgarse a quien sufrió el mayor daño. Además, solicitó la celebración de una vista de autorización judicial y la correspondiente notificación a la Procuradora.

Por su parte, el 20 de octubre de 2025, la Procuradora presentó su *Informe fiscal*,[4] en el cual se opuso a la solicitud de desistimiento de la señora Centeno Soto. Argumentó que una de las alegaciones de la *Demanda* consistía en que los menores de edad, SNMC y CIMC, "sufrieron intensas angustias y sufrimientos mentales al ver el estado físico y emocional en que ha quedado su madre como consecuencia del incidente". Por tanto, sostuvo que los menores de edad tienen una causa de acción propia e independiente de la señora Centeno Soto y deben recibir la correspondiente indemnización, la cual fue valorizada en $50,000.00.

---

[3] *Id.,* entrada núm. 35.
[4] *Id.,* entrada núm. 37.

Ante esto, el foro de instancia señaló una vista de autorización judicial para el 11 de febrero de 2026. Sin embargo, durante dicha vista, meramente escuchó las argumentaciones de los abogados y determinó que no era necesaria la autorización judicial.[5] Así pues, el 12 de febrero de 2026 emitió *Resolución*[6] escrita, notificada el 13 de febrero de 2026, mediante la cual concluyó que la renuncia del reclamo de los menores de edad expuesto en la *Demanda*, no requiere autorización judicial. Esto es, determinó que el padre con patria potestad —quien no se beneficiaria de la transacción ni forma parte de la demanda— puede solicitar el desistimiento de la reclamación de sus hijos, SNMC y CIMC.

En desacuerdo, el 18 de febrero de 2026, la Procuradora instó una petición de *Reconsideración*[7] en la que expresó su oposición respecto a que el padre con patria potestad pueda desistir de las reclamaciones de los menores sin la necesidad de autorización judicial. Argumentó que el ordenamiento jurídico no autoriza a ninguno de los progenitores a enajenar ni gravar bienes inmuebles pertenecientes al hijo ni los muebles cuyo valor exceda de $2,000.00, sin la previa autorización judicial. Por lo cual, sostuvo que —en ausencia de autorización judicial que faculte a los progenitores de los menores para desistir la reclamación— el foro de instancia solo puede, en su día, determinar si procede o no la compensación de los daños.

Así pues, el 19 de febrero de 2026, el foro de instancia emitió y notificó *Resolución*[8] mediante la cual denegó la solicitud de reconsideración por los fundamentos siguientes:

> […] La reclamación respecto a los menores es una alegación en la demanda. No obra en el expediente certificado médico que acredite las angustias de los menores, tampoco tratamiento alguno.

---

[5] *Id.*, entrada núm. 46.
[6] *Id.*, entrada núm. 47.
[7] *Id.*, entrada núm. 48.
[8] *Id.,* entrada núm. 50.

Entendemos que el padre con patria potestad no est[á] enajenando bien alguno de los menores. No tiene el expediente Resolución de Tutela sobre estos menores. Respecto a lo que pueda determinar el Tribunal Superior este Tribunal guarda total deferencia a la discreción judicial del magistrado, quien nos parece es el llamado a examinar el Acuerdo Transaccional presentado.[9]

Inconforme, el 24 de marzo de 2026, la Procuradora acudió ante nos mediante el recurso de epígrafe y esbozó el señalamiento de error siguiente:

Erró el Tribunal de Primera Instancia al concluir que no requería autorización judicial para transigir la reclamación por danos y perjuicios de los menores.[10]

Transcurrido el término dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 60, 216 DPR __ (2025), para que los recurridos presentaran sus alegatos en oposición al recurso de epígrafe, no comparecieron, por lo que damos por perfeccionado el recurso. Así pues, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *Certiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

---

[9] *Id.*
[10] SUMAC-TA, entrada núm. 1, pág. 9.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E.     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F.     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G.     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B. Patria Potestad**

En nuestro ordenamiento jurídico, la patria potestad es aquel "conjunto de deberes y derechos que corresponden a los progenitores sobre la persona y los bienes de los hijos, desde que

estos nacen hasta que alcanzan la mayaría de edad y obtienen su emancipación". Artículo 589 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7241.  La patria potestad otorga a los progenitores los deberes y facultades siguientes:

    (a) velar por él y tenerlo en su compañía;
    (b) alimentarlo y proveerle lo necesario para su desarrollo y formación integral;
    (c) inculcarle valores y buenos hábitos de convivencia y el respeto a sí mismo y hacia los demás;
    (d) corregirlo y disciplinarlo según su edad y madurez intelectual y emocional y castigarlo moderadamente o de una manera razonable; y
    (e) representarlo en el ejercicio de las acciones que puedan redundar en su provecho y en aquellas en las que comparece como demandado.

Artículo 590 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7242.

En Puerto Rico, como regla general, ambos progenitores ejercen en forma conjunta la patria potestad con paridad de derechos y responsabilidades. Artículo 593 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7252. A modo de excepción, "puede ejercerla uno de ellos, si media el consentimiento expreso o tácito del otro o un decreto judicial". *Id.*

En cuanto a las gestiones que pueden realizar los progenitores con patria potestad sobre los bienes de sus hijos, nuestro Código Civil expresamente dispone que "no pueden enajenar ni gravar los bienes inmuebles de ninguna clase pertenecientes al hijo, ni los bienes muebles cuyo valor exceda de dos mil dólares ($2,000), sin la previa autorización de la sala del Tribunal de Primera Instancia donde radican los bienes". Artículo 632 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7368. Previo a la aprobación de esta disposición, el Tribunal Supremo analizó, en *Cruz v. Central Pasto Viejo, Inc.,* 44 DPR 367 (1933), el alcance de su disposición homóloga, el Artículo 159 del derogado Código Civil de Puerto Rico de 1930, 31 LPRA sec. 616. En dicho caso, la controversia se centraba en determinar si un padre con patria potestad tenía facultad para transigir una reclamación en daños de su hijo sin la

previa autorización judicial. El Tribunal Supremo resolvió que los contratos de transacción relacionados con reclamaciones de daños en las que intervengan menores de edad requieren autorización judicial como requisito para adquirir eficacia jurídica. En particular, se expresó como sigue:

> [...] Nuestro Código Civil establece la regla general de que la transacción no surtirá efecto cuando el valor del objeto sobre que recaiga exceda de $500. La autorización al padre, o en su caso a la madre, para transigir, sin necesidad de aprobación judicial, cuando el valor del objeto sobre que recaiga la transacción no exceda de $500, constituye una excepción a la regla general basada en la corta importancia de la cantidad.
>
> Ahora bien, esta facultad que se concede al padre para transigir, sin aprobación judicial cuando el valor del objeto no exceda de $500, ¿le autoriza para fijar la cuantía y prescindir de la autorización judicial cuando surge un derecho de acción en virtud de daños ocasionados al hijo?
>
> .        .        .        .        .        .        .        .
>
> Nosotros entendemos que en un caso como éste, en que el valor del objeto depende de la naturaleza del caso, y en que no es empresa fácil determinar ese valor, la corte de distrito competente y no el padre, es la autoridad llamada a intervenir en última instancia para aprobar o desaprobar la transacción iniciada por el padre, según lo aconsejen los intereses del menor. Natural es que en una acción de daños y perjuicios, surjan dudas acerca del valor del objeto o derecho de acción, y cuando existan estas dudas, por el interés del menor, en bien de la justicia, y de acuerdo con el espíritu de la ley, en vez de aplicarse la excepción, debemos regirnos por la regla general que requiere la aprobación judicial para que surta efecto la transacción.

*Cruz v. Central Pasto Viejo, Inc.,* supra.

Es decir, la regla general es que se necesita autorización judicial tanto para enajenar o gravar bienes inmuebles como bienes muebles cuyo valor exceda de $2,000.00. No obstante, como excepción a dicha norma, pueden enajenarse o gravarse bienes muebles cuyo valor esté por debajo del umbral que impone la ley. Ahora bien, cuando se trata de reclamaciones de daños cuya cuantía o valor no ha sido determinado, también es necesaria la autorización judicial.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de epígrafe, la peticionaria alegó que el foro de instancia erró al concluir que los progenitores no requerían autorización judicial para transigir la reclamación por daños de sus hijos menores de edad.  Tiene razón.

Nótese que, la señora Centeno Soto por sí y en representación de sus dos hijos menores de edad presentó la *Demanda* de epígrafe sobre daños y perjuicios. En esta solicitó una suma de $380,000.00 por los alegados daños físicos que sufrió y otra suma de $50,000.00 por las angustias y sufrimiento mentales de sus hijos. Sin embargo, las partes informaron que estaban en posición de llegar a un acuerdo para transigir la reclamación por la suma global de $100,000.00. Posteriormente, la señora Centeno Soto solicitó al foro de instancia el desistimiento de la reclamación de sus hijos, sin compensación alguna para estos, y que la indemnización se concediera exclusivamente a su favor. Tras la celebración de una vista argumentativa, el foro de instancia concluyó que el desistimiento de las reclamaciones de los menores de edad no requería autorización judicial y que el padre estos —quien no figuraba como demandante ni beneficiario de la transacción— estaba facultado para solicitar dicho desistimiento.

Explicamos en el acápite II de esta *Sentencia* que, como regla general, los progenitores con patria potestad no pueden enajenar ni gravar bienes inmuebles pertenecientes a sus hijos menores de edad, ni bienes muebles cuyo valor exceda de $2,000.00 sin la previa autorización judicial. Artículo 632 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7368. Además, nuestro Tribunal Supremo interpretó que los progenitores con patria potestad pueden transigir los derechos que asisten a sus hijos menores de edad sin la previa autorización judicial, siempre que el objeto de la transacción no exceda el límite de valor impuesto por ley. *Cruz v. Central Pasto Viejo,*

*Inc.,* supra. Sin embargo, aclaró que los progenitores deberán obtener autorización judicial para transigir una causa de acción por daños ocasionados a sus hijos menores de edad, cuya cuantía o valor no ha sido determinado. *Id.*

Considerando lo anterior, resulta forzoso concluir que erró el foro de instancia al determinar que el desistimiento de una reclamación pertenecientes a los menores de edad no requería autorización judicial. En la medida en que los menores de edad alegaron en la *Demanda* que sufrieron daños consistentes en angustias y sufrimientos mentales, estos cuentan con una causa de acción contra el causante de los daños, cuyo valor en estos momentos es indeterminado. Por tanto, dicha causa de acción no puede ser objeto de transacción ni desistimiento sin previa autorización judicial. En otras palabras, el incumplimiento con el requisito de someter dicha transacción a la aprobación judicial tiene el efecto de impedir que esta adquiera eficacia jurídica. Así pues, procede recovar la *Resolución* recurrida y ordenar la celebración de la correspondiente la vista de autorización judicial.

**-IV-**

Por los fundamentos expuestos previamente, se **expide** el auto de *certiorari* y se **revoca** la *Resolución* recurrida. En consecuencia, se **devuelve** el caso al foro de instancia para que se celebre la correspondiente vista de autorización judicial.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones